### 7901

### SINGLETARY v. SEABOARD AIR LINE RY.

1. CARRIER—PASSENGER—ISSUES.—Whether a passenger was injured as a proximate cause by alighting on a dark night because of the absence of a stool and lights is for the jury.

2. IBID.—IBID.—IBID.—Negligence of carrier may be inferred from absence of a stool and lights at a station.

3. IBID.—NEGLIGENCE—ISSUES.—Where contributory negligence has not been pleaded and the evidence does not show contributory negligence conclusively or that carrier was conclusively free from negligence or that the passenger's sole negligence caused her injury, those issues were properly sent to the jury.

4. VERDICT.—It is immaterial whether the jury were instructed to find a general verdict first and then make their special findings or the reverse.

5. CARRIER—PASSENGER.—INSTRUCTIONS as to duty of carrier to assist a feeble passenger or one encumbered with baggage in alighting were foreign to the issue made by the pleadings, besides the jury were repeatedly instructed to confine themselves to the acts of negligence alleged. Nor was such charge on the facts.

6. IBID.—IBID.—The instruction that if the jury conclude from the evidence applied to the law charged that the carrier is guilty of negligence they must award such damages as plaintiff has sustained, when construed with the whole charge held not to have instructed them to find for acts of negligence not alleged.

7. IBID.—IBID.—The instruction as to duty of carrier to furnish passenger a stool or steps properly and safely placed held to state

a correct proposition of law to be applied by the jury to the facts as determined by them and not to submit to the jury an issue of law.

Before SEASE, J., Orangeburg, June, 1910. Affirmed.

Action by Alice Singletary against Seaboard Air Line Railway. Defendant appeals.

*Messrs. Moss & Lide* and *Lyles & Lyles,* for appellant, cite: *Evidence does not show the negligence alleged is the proximate cause of the injury:* 35 S. C. 384; 81 S. C. 270; 72 S. C. 338; 19 L. R. A. 460; 35 S. E. R. 677. *Special findings should precede the general verdict:* Code of Proc., sec. 283-4; 20 Ency. P. & P. 299; 71 Mich. 391. *It is not negligence to fail to assist a passenger:* 27 S. C. 268; 25 L. R. A. (N. S.) 223; 97 Am. Dec. 478; *Unless conductor is notified of disability:* 41 S. C. 441.

*Messrs. Raysor & Summers* and *Wolfe & Berry,* contra, cite: *Injury of Passenger on a train raises a presumption of negligence:* 61 S. C. 345; 55 S. C. 389. *Proximate cause of injury is for jury:* 62 S. C. 130; 76 S. C. 248. *When it is duty of carrier to assist passenger:* 41 S. C. 453; 53 S. C. 207; 78 S. C. 70; 27 S. C. 268; 62 S. C. 130; 40 S. C. 440.

May 5, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The complaint alleged that on July 3, 1908, while a passenger on defendant's train from Fairfax in Barnwell county to Denmark in Bamberg county, S. C., she sustained personal injuries, while attempting to alight from the train at her destination, as the result of defendant's negligence in failing to light the station grounds and in failing to provide the stool or bench usually placed for the use of passengers in alighting from the train.

Plaintiff testified: "It was very dark and I went down the steps to alight from the train spacing my step to reach that stool to alight from the train, and the stool was not here and I came near precipitating myself and my baggage. The conductor caught me by the arm and said,—I suppose it was the conductor,— and said 'you came near having a bad fall,' and I said, 'yes, I did, I expected to find the stool there and it was not there,' and then I started to limp off."

The plaintiff testified as to the extent of her injury, as to spraining her knee and having her leg swollen and somewhat stiff, and as to her pain and suffering therefrom.

This occurred at night about 3:45 a. m., and plaintiff stated that it was cloudy and very dark, and that there was no light except from the operating room which intensified the darkness at the landing place; that while the coaches were lighted the blinds were down and no light was cast from the coaches. The plaintiff testified most positively also as to the absence of the stool. There was testimony as to the height of the platform step from the ground and the conductor testified that he always used the stool to help passengers on and off that train. The conductor however testified that he did not remember anything about the alleged occurrence.

At request of counsel for defendant the Court directed the jury to make special findings upon the following questions submitted to them:

(1) "Is this injury of which plaintiff complains in her complaint the direct and proximate result of a fall from the train at Denmark on July 3, 1908?

(2) "If so, was such fall due to any negligence for which the defendants are liable?

(3) "If so, was such negligence the failure to place a bench or stool?

(4) "Was such negligence the failure to have adequate and suitable station lights?

(5) "Or was the injury due to both the failure to provide the bench and to furnish suitable lights?"

The jury answered "Yes" to the first, second and fifth questions, and found a verdict in favor of plaintiff for two thousand dollars.

It is manifest from the foregoing statement, that the Court committed no error in refusing to charge defendant's eighth request to the effect that the undisputed evidence shows that the absence of the bench was not the proximate cause of the injury and could not be taken into consideration by the jury. It is true the plaintiff testified that she could have alighted safely if there had been good lights, as she would then have discovered the absence of the bench and governed her steps accordingly, but she also testified in substance that she alighted in the belief that the bench was placed as usual. It was properly left to the jury to say whether the absence of the bench and of proper lights both existed and operated concurrently to produce the injury.

For the same reason there was no error in refusing to charge defendant's tenth request to the effect that the jury should find for the defendant on the ground that there was no evidence that any negligence of defendant caused plaintiff's injury.

Likewise it was not error to refuse the motion for new trial based upon the claim that the undisputed evidence shows that the stool or bench was placed and the conductor stationed at the place where passengers were invited to alight. It is suggested in argument that plaintiff alighted at a place other than the usual and proper place, but that is a mere conjecture against the positive testimony of the plaintiff.

The contention that the motion for new trial should have been granted because the evidence clearly shows that plaintiff's failure to exercise ordinary care in looking where she

was stepping when alighting is without merit.
There was no plea of contributory negligence, and if there had been, there was nothing in the evidence to show contributory negligence so conclusively as to warrant a Court in so finding as matter of law.

Nor is there ground for contention that defendant was conclusively shown to be free from negligence and that plaintiff's sole negligence caused her injury.

This is not the case of one stepping into a dangerous place or in a dangerous way, when the exercise of ordinary care would have shown a safe place or a safe way, but the case of a passenger alighting in the night at the spot where she was invited by the carrier to alight, with every reason to expect all due safe ground for a safe landing.

The foregoing remarks require that the first, second and eighth exceptions be overruled.

In submitting to the jury the questions, for special finding the Court instructed the jury to find their general verdict and then the special findings of fact. The third exception complains of this as reversing the proper order.

Sec. 283, 2 Code of Laws, authorizes the jury in actions for recovery of money only or specific real property to render a general or special verdict, and provides that the Court "in all cases may instruct them, if they render a general verdict to find upon the particular questions of fact to be stated in writing and may direct a written finding thereon."

It may be true that logically the special findings of fact should precede the general verdict based thereon, but to reverse the order could not be a matter of any consequence or prejudice, especially when the general verdict and the special findings are perfectly consistent. It is suggested by the testimony that the Southern Railway and the Seaboard Air Line Railway are using the station at Denmark under some joint arrangement which requires the Southern Railway to light the station, and that the only object in request-

ing the special findings was with a view to adjust ultimate
liability as between the two railroads.   Whatever the reason
there was no prejudicial error in the manner of the sub-
mission.

The fourth, fifth and sixth exceptions charge error in
giving the following instructions at plaintiff's request:

3. "A railroad company is bound to render reasonable
assistance to a female passenger if feeble or encum-
bered with heavy baggage or other impediments in
boarding or alighting from its train.

4. "When it is reasonably apparent that a passenger needs
assistance in alighting from a train then it is the duty of
the carrier to furnish such assistance.

6. "I further charge you that where it is obvious that a
passenger from any cause, such as sickness, infirmity, or
being burdened with baggage or other impediment, needs
assistance in alighting, then the railroad company is bound to
afford such assistance and exercise such additional degree
of care as the circumstances may require."

These instructions, if they were intended to refer to assist-
ance other than by placing the stool and having light were
foreign to the case made by the pleadings, as the only negli-
gence charged in the complaint was the absence of the stool
and of proper station lights, and in other portions of the
charge the jury were repeatedly instructed to confine them-
selves to a consideration of the negligence alleged in the
complaint.

Appellant, however, assumes that the instructions were
relevant and claims error in that the instruction was a
charge on the facts, and in that a conductor is not bound to
render assistance to a passenger unless the circumstances
are such as to give the conductor knowledge of the need of
assistance.   The charge was clearly not in violation of the
rule prohibiting charges in respect to matters of fact, and,
construing the charge as a whole, it conformed to appellant's
view of the law and to the rule delivered in *Horn* v. *Railway*

*Company,* 78 S. C. 70, 58 S. E. 963. The Court was particular to impress upon the jury that the whole law could not be stated in a single sentence and that they must consider his charge as a whole. Moreover, the special finding of the jury shows conclusively that they based the verdict upon their conclusions with respect to the allegations of negligence in the complaint.

Under the seventh exception contention is made that the charge: "If the jury conclude from the evidence, applied to the law as charged, that the railroad company is guilty of negligence, then the jury must award the plaintiff such damages as she has sustained" was erroneous, because it did not confine the injury as to negligence to the two matters alleged in the complaint, and the inquiry as to injuries to such as were the proximate result of negligence as alleged.

It is not fair to judge a charge by an isolated sentence. The whole charge shows most conclusively that the jury were instructed not to consider negligence of defendant not alleged in the complaint and that if they found negligence as alleged to give any such damages as they concluded proximately resulted therefrom. The question of punitive damages was withdrawn from the jury.

The ninth and last exception contends that a question of law was submitted by the Court to the jury in the following charge:

"If it is necessary and proper that the railroad should furnish a stool or step for the purpose of alighting from its trains, then the railroad must not only furnish such appliance, but must see that it is properly and safely placed, and in failing to do this it would be guilty of negligence."

The exception is without merit. The charge states a correct principle of law to be applied by the jury to the facts as determined by them.

The judgment of the Circuit Court is affirmed.